IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACKSON SUPPLY CO., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 16-00563-KD-C |
| | ) | |
| DEVELOPMENT CONSULTING, INC., | ) | |
| *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's "Motion to Reinstate Proceeding and for Entry of a Judgment Against Defendants" (Doc. 15) and Motion to Amend the Complaint (Doc. 16).

On November 14, 2016, Plaintiff initiated an action for breach of contract and unjust enrichment against Defendants based on federal diversity jurisdiction. (Doc. 1). On January 11, 2017, the parties moved to stay the case citing settlement discussions, which was granted. (Docs. 10, 12). On February 3, 2017, the parties filed a "Joint Stipulation of Dismissal without prejudice" signed by all parties. (Doc. 13). In the stipulation, the parties declared: "the parties have reached a Forbearance and Settlement Agreement, provided that should the Forbearance and Settlement Agreement be breached, the parties agree that this matter may be reinstated to enforce the terms of the Forbearance and Settlement Agreement and allow Jackson Supply to pursue any claims against the Defendants arising out of and related to the Complaint and the Forbearance Agreement, and the parties further agree that this Court retains jurisdiction for this purpose." (Id.)

On February 6, 2017, the stipulation was construed by the Court as a Rule 41(a)(1)(a)(ii) joint stipulation (dismissal without court order)[1] -- necessitating lifting the stay -- and the case

---

[1] See, e.g. First Classics, Inc. v. Jack Lake Prod., Inc., 674 Fed. Appx. 911, 912-913 (11th Cir. 2017):

…A stipulation filed pursuant to Rule 41(a)(1) "is self-executing and dismisses the case upon its ...

1

was dismissed by the Court via a Clerk's notice of closing pursuant to same citing <u>Anago Franchising, Inc. v. Shaz, LLC</u>, 677 F.3d 1272 (11th Cir. 2012). (Doc. 14). On February 28, 2019, Plaintiff moved to reinstate the case to enforce a Forbearance and Settlement Agreement and to enter judgment against the Defendants pursuant to the terms of the parties' Consent Judgment, and to amend the complaint to assert claims for breach of these agreements.

"When dismissal occurs pursuant to Rule 41(a)(1)(ii), the district court is empowered... [to] retain jurisdiction over the settlement contract itself. Absent such action…enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction[]"). <u>Kokkonen v. Guardian Life Ins. Co. of Am</u>., 511 U.S. 375, 376 (1994). This means that federal courts lack inherent powers to enforce a settlement simply because it was reached in connection with a case on its docket. Enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." <u>Kokkonen,</u> 511 U.S. at 378. "It is to the holdings of our cases, rather than their dicta, that we must attend, and we find none of them that has, for purposes of asserting otherwise nonexistent federal jurisdiction, relied upon a relationship so tenuous as the breach of an agreement

---

filing unless it explicitly conditions its effectiveness on a subsequent occurrence." *Id*. at 1278. A district court "need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction." *Id*. (emphasis added). In contrast, dismissal pursuant to Rule 41(a)(2) expressly requires the approval of the district court and is not effective unless and until the court takes appropriate action.

…Here, the parties styled the document a "Stipulation and Notice of Dismissal." The word "stipulation" appears in Rule 41(a)(1) but not in its counterpart, Rule 41(a)(2). *See Anago, id.* at 1276. ("The parties styled the document a 'Stipulation,' which is expressly required in Rule 41(a)(1)(A)(ii) and not mentioned in Rule 41(a)(2)."). Moreover, rather than requesting the court's permission to dismiss the action, the document merely provides the court with "notice of dismissal," which strongly indicates that the parties did not consider a court order necessary to make it effective. *See id*. ("[T]he Stipulation does not contemplate that a court order is necessary to make it effective. There is no signature line for the district court, and the statement retaining jurisdiction is not a request made to the district court but a declaration of retained jurisdiction."). Finally, the parties clearly envisioned that this document would effectuate the dismissal when they included, in the body of the stipulation, the provision that "this action and counterclaims shall be, and is [sic], dismissed." We therefore conclude that the Stipulation and Notice of Dismissal was filed pursuant to Rule 41(a)(1)(A)(ii)…

2

that produced the dismissal of an earlier federal suit….we have asserted ancillary jurisdiction…for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent….and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."  Id. at 379-380.   Per Kokkonen:

> The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so….Even when…the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

Id. at 381-382.   As explained in Anago:

> In *Kokkonen,* the Supreme Court recognized that the enforcement of a settlement agreement falls outside of the scope of ancillary jurisdiction of the federal courts, even when the court had jurisdiction to hear the underlying case. 511 U.S. [375,]…(1994)]. The Supreme Court reasoned that a district court could retain jurisdiction to enforce a settlement agreement with consent of the parties and of the court, provided the district court issues an order requiring compliance with the settlement agreement. *Id*. at 381….In that case, non-compliance would be a violation of a court order and the district court could use its ancillary jurisdiction to enforce its orders (and by extension enforce the settlement agreement). *Id.* The Supreme Court stated that a district court could require compliance by either making the settlement agreement part of the court order by a separate provision "retaining jurisdiction" or by incorporating the terms of the agreement into the order itself. *Id*. at 381….
>
> Underlying *Kokkonen* is the well-established proposition that jurisdiction cannot exist by mere consent of the parties. *See, e.g., Eagerton v. Valuations, Inc*., 698 F.2d 1115, 1118 (11th Cir. 1983). To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough . . .
>                               ***

In this case, the parties purported to retain jurisdiction by stating in their Stipulation that "[a]ll parties agree that the…Court shall reserve jurisdiction to enforce the settlement between the parties pursuant to the terms contained therein."…this Stipulation makes no request of the district court; the parties seek to extend jurisdiction by agreement only. It is undoubtedly true that all parties must consent to the retention of jurisdiction over the enforcement of a settlement agreement if the case is dismissed by stipulation of all parties, but that agreement alone is not sufficient. *See Kokkonen*, 511 U.S. at 381... The district court must also issue an order specifically retaining jurisdiction in accordance with *Kokkonen* because ancillary jurisdiction allows a district court to effectuate its orders, not to enforce stipulations. *See Kokkonen*, 511 U.S. at 380–81…The district court did not retain jurisdiction to enforce the Settlement Agreement here because the court issued no such order before the case was dismissed and the stipulation was not conditioned by the entry of an order retaining jurisdiction.

Our decision does not leave the parties without a remedy -- they may seek to enforce the settlement agreement in state court. *Kokkonen*, 511 U.S. at 382…("[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."). Settlement agreements are contracts and thus may be adjudicated in courts with jurisdiction over the contract. *See id*. at 378….("Enforcement of [a] settlement agreement, however, ... is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."). When the settlement agreement is not made part of a court order, it is merely a private contract arising out of a case in federal court and "ha[s] nothing to do with" the underlying case. *Id*. at 380... The contract does not require adjudication by the same court, and is too "remote from what courts require in order to perform their functions." *Id*.

***

The underlying lawsuit was dismissed…when the Stipulation …was filed in the district court pursuant to Rule 41(a)(1)(A)(ii).[ ] The Stipulation did not condition its effectiveness on the issuance of an order by the district court retaining jurisdiction, and the court did not issue such an order prior to the dismissal of the case. Therefore, the district court did not retain jurisdiction to enforce the Settlement Agreement.

Rule 41(a)(1)(A) is a useful tool in settling cases because it allows parties to dismiss an action without a court order. However, it must be used precisely to reach the desired result; ancillary jurisdiction does not allow a court to enforce a filed stipulation in the same way it allows a court to enforce its orders. *Cf. Kokkonen,* 511 U.S. at 380–8….Because the case was dismissed and jurisdiction was not retained, the district court did not have jurisdiction to consider the … Motion to Compel, and we do not have jurisdiction to rule on the merits of that decision….

677 F.3d at 1278, 1280-1281 (footnote omitted). See also e.g., Montgomery Bank, N.A. v. Pike

Creek Turf Farms, Inc., 2017 WL 1322143, *3 (M.D. Fla. Apr. 7, 2017) ("Montgomery

Bank….argues that the Court's retention of jurisdiction…was crucial to reaching the terms of the settlement, and dismissal would render the terms of the settlement unenforceable. This argument is a non-starter….[and] is assumptious because where parties reach a settlement and a matter is dismissed, retention of jurisdiction…is a matter of the Court's discretion.…to the extent that the parties reached a settlement based on their expectation that the Court would retain jurisdiction, it was misguided[]").

The parties' joint stipulation for dismissal made no request of the court for action -- as to the settlement agreement, consent judgment, retention of jurisdiction, etc. -- merely unilaterally *declaring* the case dismissed and *declaring* that the court retained jurisdiction. Courts do not automatically retain jurisdiction to enforce settlements simply due to the existence of the parties' *private* agreement: "[d]istrict courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction[]" and "agreement by the parties is not enough."  Anago at 1278-1279.  Because no order issued from the court either addressing any of the items in the stipulation or conditioning dismissal on such, the court does not have jurisdiction to reinstate the case to enforce the settlement.[2] The practical implication is that the parties must file a new suit alleging breach of the settlement

---

2 The circumstances where the court retains jurisdiction to enforce a settlement agreement are rare. As illustrated in Parke v. Glover, 2010 WL 2036408, *1 (S.D. Ala. May 19, 2010) (footnote omitted):

> In the ordinary case when federal court litigants enter into a settlement agreement, this Court does not retain jurisdiction to oversee enforcement issues that may arise months or even years down the road; rather, those concerns typically implicate state law and are left for state courts to adjudicate.[ ] This is particularly true where the underlying settlement document is a confidential, private agreement that the Court had no involvement whatsoever in brokering.....There is no reason to believe that extraordinary or unusual circumstances are present here that might warrant an ongoing commitment of judicial resources to monitor and enforce the parties' settlement agreement. In that regard, the parties have made no showing that the procedural options and enforcement mechanisms generally available under Alabama law are not sufficient to protect their interests in the event that future insuperable problems may arise in the implementation of their settlement agreement. In the absence of any special circumstances that might warrant retention of jurisdiction, the Court finds that the panoply of available state-law remedies should provide ample recourse to plaintiffs in enforcing the agreed-upon settlement.

contract. If diversity jurisdiction exists, the suit may be filed in federal court. Otherwise, the parties' relief must be obtained in state court.

As such, upon consideration, it is **ORDERED** that Plaintiff's Motion to Reinstate (Doc. 15) is **DENIED,** rendering Plaintiff's motion to amend the complaint (Doc. 16) **MOOT.**

**DONE** and **ORDERED** this the **12th** day of **March 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**